## No. 13,222.

JOSEPH WEIL ET ALS. VS. EMILE RICHAUD, ET ALS., IN RE.; H. KENNER ET ALS. APPLYING FOR CERTIORARI OR WRIT OF REVIEW TO THE COURT OF APPEAL, FIFTH CIRCUIT, STATE OF LOUISIANA.

### SYLLABUS.

The suit was brought by plaintiff to recover possession of land and rents in amount more than $2000.

The suit was brought against heirs of age, as representatives of their mother's succession, the debtor.

The judge of the District Court decided that the defendants must be considered heirs as long as they have not renounced the succession, and condemned them to give up the property, and *non* suited the plaintiffs as to rental.

The heirs appealed to the Court of Appeals and urged that they made no claim to the property, and therefore should not have been condemned to pay the cost.

The view of the District Court regarding the facts, was different from defendants' averments on appeal.

The Court of Appeal properly held that it did not have jurisdiction and dismissed the case, that if any error had been committed, the appeal should have been taken to the Supreme Court, as the issues are not within the formers jurisdiction.

*H. Kenner* for Petitioners.

Opinion handed down June 12, 1899.

The opinion of the court was delivered by

BREAUX, J.   Relators aver that they are defendants in suit brought by Weil *et al.*, against them as heirs of Mrs. Ella Kenner, for the purpose of recovering possession of land and rents.

Mrs. Kenner, it was alleged by Weil *et al.*, had sold the land in question to them, (plaintiffs, Weil *et al.*,) but had refused to give up the possession.  Because of relator's refusal, plaintiffs (vendees) sued to establish the ownership and right of possession they claimed.

Mrs. Kenner, the debtor, died in 1897.  The relators are her children, of age.

Relators here, defendants in the suit to which we have just referred, answered that they did not claim title to the land; that they were not in possession, because the succession of their mother, Mrs. Kenner, had never been opened, nor had the children accepted the succession.

Relators aver that upon these issues the case was tried and judgment was rendered by the District Court, decreeing that defendants could not be held liable for the rents and revenues of the property, as they had not accepted the succession of their mother.

They aver that the court none the less decided that the heirs could be regarded as representatives of the late Mrs. Kenner for the purpose of deciding the question of title.

The court decided that plaintiffs had made out their title, and, therefore, to that extent, plaintiffs were entitled to judgment.

Relators felt aggrieved by this judgment, and alleging error, appealed.

In the Court of Appeal, appellees here, Weil *et al.*, appeared and moved to dismiss the appeal on two grounds:

1.   That appellants had acquiesced in the judgment.

2.   That the Fifth Circuit Court of Appeal was without jurisdiction *ratione materiae.*

The opinion of the Court of Appeal dismissing relators' appeal sets forth that a demand for recognition of title to, and possession of, a plantation worth six thousand dollars, alleged, in the suit by Weil, to amount to $2,700, is the subject matter of the litigation.

In addition, in the District Court, the question of the renunciation of the heirs of their mother's succession was considered.

The Court of Appeal found that the heirs did not seem to admit that the judgment of the lower court on the main demand was against them.

The Court of Appeal held that the judgment on the main demand was against them, as shown by the written reason of the District

Judge; and the court quotes the following from the written reason of the District Judge: .

"But the plaintiffs who sued both for ownership and possession of the property, are entitled to exercise their right of action against the defendants . as presumptive heirs and sole representatives of their mother. Under Article 1014, R. C. C., they are called to the succession and seized thereof in right, and must be considered heirs as long as they have not renounced the succession. The defendant, Richaud,. appearing to be in possession of the disputed lands, the plaintiffs to the right of possession should have judgment against them."

These, said the Court of Appeals, are the reasons of the judge a *quo* for giving judgment on the main demand against defendants and Richaud, and condemning them to pay costs.

"Nothing can relieve the appellants of these costs, except that they can show that the lower judge erred in considering them presumptive heirs of their mother. If the lower judge erred, his error must be corrected in the former, the District Court, wherein the main demand. belongs on an appeal.

"It is clear that we have no right (considering the amount involved) to correct the ruling (if wrong); and until this ruling is set aside by competent appellate authority, the costs complained of must remain where the District judge has placed them;" extract from decision of. the Court of Appeals.

We have not found any error in the dismissal of the appeal, particularly as it appears that the issues relate to property and claim larger in amount than six thousand dollars.

In the application here, relators urge an additional ground: That. the heirs are not bound *in solido,* but jointly, and their combined interest cannot be taken to vest the court of jurisdiction. Even then,. we are informed by the opinion of the Court of Appeals that the amount involved as against **each heir is greater than $3000, besides,.** the suit was brought against those heirs as the representatives of their mother's succession. They represent the entire estate and the whole amount involved.

We have found no ground upon which to grant relief, and therefore we decline to issue the rule *nisi* applied for.

The application is denied.